BRANDEN DRIVER,

        Plaintiff,

                                    Case No. 25-cv-1204-pp

    v.

CNA FINANCIAL CORPORATION,
VALLEY FORGE INSURANCE COMPANY,
KENNETH D. NELSON, MICHAEL KAZAN,
CATHY HORVATH and SUPER STEEL, LLC,

        Defendants.

---

**ORDER CONSTRUING PLAINTIFF'S RESPONSE AS NOTICE OF
VOLUNTARY DISMISSAL (DKT. NO. 17) AND CLOSING CASE, DENYING AS
MOOT DEFENDANTS' MOTION TO DISMISS (DKT. NO. 7) AND DENYING AS
MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 14)**

---

**I.    Background**

The plaintiff, who is representing himself, has filed three cases in this federal court. Driver v. Super Steel, *et al.*, Case No. 25-cv-903 (filed June 3, 2025); Driver v. Matrix Absence Management, *et al.*, Case No. 25-cv-1203 (filed August 12, 2025); and this case (also filed August 12, 2025). In each case, shortly after filing the initial complaints, the plaintiff filed amended complaints. Case No. 25-cv-903, Dkt. No. 5 (filed June 17, 2025—two weeks after the initial complaint); Case No. 25-cv-1203, Dkt. No. 4 (filed August 15, 2025—three days after the initial complaint); Case No. 25-cv-1204, Dkt. No. 4 (filed August 15, 2025—three days after the initial complaint). The amended complaint in Case No. 25-cv-903 is thirty-six pages long; it is not on the courts' complaint form, it is not double-spaced and it raises twenty-one claims. The amended complaint

1

in Case No. 25-cv-1203 is sixty-seven pages long; it is not on the court's complaint form, it is not double spaced and it raises twenty-one claims. The amended complaint in Case No. 25-cv-1204 is forty pages long; it is not on the court's complaint form, it is not double-spaced and it raises thirteen claims. Altogether, the amended complaints contain almost two hundred pages and allege over fifty separate claims against numerous defendants; the claims appear to stem from the plaintiff's workplace injury and subsequent insurance and leave disputes. Id. Among others, the plaintiff alleges OSHA, ERISA, HIPPAA, ADA, FMLA and Wisconsin statutory and common law claims against his former employer and several insurance companies. Id.

In each of the three cases, the court granted the plaintiff's motions for leave to proceed without prepaying the filing fee. Case No. 25-cv-903, Dkt. No. 13 at 10; Case No. 25-cv-1203, Dkt. No. 7 at 10; Case No. 25-cv-1204, Dkt. No. 16 at 10.[1] But rather than screen the amended complaints or address the other motions the plaintiff had filed, the court issued an order requiring the plaintiff to show cause why the court should not sanction him for violating Fed. R. Civ. P. 11. Id.

The court identified sixteen instances of what appeared to be generative artificial intelligence (AI) hallucinations in the plaintiff's filings, such as fabricated quotes and cases and misattributed quotes. Id. at 5–9. As the court explained, "[i]t is unacceptable for any party, represented or not, to submit filings that contain non-existent legal citations[,]" and "[p]arties who do so expose themselves to Rule 11 sanctions[.]" Id. at 5. The court ordered the plaintiff to show cause

> why the court should not sanction him for citing to cases that do
> not exist, fabricating quotes and asserting that cases stand for

---

[1] The court filed an identical order in each case.

2

Case 2:25-cv-01204-PP    Filed 06/01/26    Page 2 of 7    Document 19

certain propositions when they do not. The plaintiff must file with the court a written statement explaining why the court should not sanction him for violating his obligations under Rule 11(b) to certify to the best of his knowledge, information and belief that the legal contentions in his filings "are warranted by existing law[.]" The statement does not need to be long, but the plaintiff must explain whether and to what extent he used generative AI in drafting his filings and how he plans to avoid violating Rule 11 in any future filings.

Id. at 9. The court gave the plaintiff a deadline of January 30, 2026 by which to file his statement. Id. at 11.

In addition to the plaintiff's AI use, the court alerted the plaintiff that the length of his amended complaints and the number of his claims "do not meet Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint must contain 'a *short and plain* statement of the claim showing that the pleader is entitled to relief.'" Id. at 3 (emphasis in original) (citing United States *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)). The court wrote that "[o]nce the court understands the extent of the plaintiff's AI use, it will take the necessary steps to screen the complaints in another order." Id. at 4.

In late January 2026, the plaintiff submitted his response to the order to show cause, filing the same statement in each case. Case No. 25-cv-903, Dkt. No. 14; Case No. 25-cv-1203, Dkt. No. 8; Case No. 25-cv-1204, Dkt. No. 17. First addressing his use of generative AI, the plaintiff explains that although "[t]he merits, facts, and substantive allegations" in the amended complaints came from him, he "utilized generative artificial intelligence in a limited way, solely as a supplemental tool to help locate potential legal citations and to assist with wording[.]" Id. at 2. The plaintiff explains that he "mistakenly believed" that AI "functioned like an advanced legal search engine" and that he "was unaware that generative AI could hallucinate and produce non-existent

3

cases or quotes." Id. The plaintiff asserts that he "acted in good faith and did not intend to mislead the Court[,]" and that he "made diligent efforts to obtain counsel but was unable to secure representation due to attorneys' existing caseloads, so [he] did [his] best to research and draft the complaint [him]self." Id. The plaintiff states that he accepts "full responsibility for not independently verifying each citation before filing." Id. at 3. He claims that he has "now completely ceased using generative AI for legal research, citations, or drafting[,]" and that "going forward, [he] will personally verify every case citation, statute, and quotation using reliable legal sources before submitting any filing[.]" Id. The plaintiff asks to "voluntarily dismiss, without prejudice, all claims in Case No. 25-cv-1204-pp against" all defendants named in that case.[2] Id. at 4.

In his conclusion, the plaintiff summarizes his requests:

I respectfully request that the Court:
1. Accept this response as my showing of cause under Rule 11.
2. Allow me to voluntarily dismiss Case No. 25-cv-1204-pp without prejudice.

---

[2] The plaintiff also addressed the court's Rule 8(a) concerns in his other two cases by explaining that "Case No. 25-cv-903-pp is an employment and workplace case against Super Steel LLC and its officers, focusing on FMLA and ADA rights, retaliation, constructive discharge, and related Wisconsin law. Case No. 25-cv-1203-pp is a benefits and ERISA case against Matrix Absence Management, Reliance Standard, and related individuals, and it also names Super Steel LLC and Janice Obregon in their roles relating to the disability benefits at issue, arising from the administration and denial of short term disability benefits, alleged ERISA violations, and associated privacy and claims handling issues. While these cases share a common factual background, the same injury and employment relationship, they are grounded in different legal frameworks and involve different primary duties and legal questions." Dkt. No. 25-cv-1204, Dkt. No. 17 at 3. The plaintiff asked the court for "leave to file amended pleadings" if the court "concludes that amendment, consolidation, or reorganization of these claims would better serve clarity and efficiency[.]" Id. at 3–4. The court addressed this issue in a separate order filed in Case Nos. 25-cv-903 and 25-cv-1203.

3. Permit Case Nos. 25-cv-903-pp and 25-cv-1203-pp to proceed to screening, with leave to amend, consolidate, or reorganize the complaints if the Court deems that necessary to satisfy Rule 8 and promote efficient resolution of these issues.

Id. at 5.

## II. Rule 11

The plaintiff's response addresses the concerns the court identified and discharges the court's show cause order. The plaintiff explained his misunderstanding of the risks of generative AI in legal research, took responsibility for the fabricated legal contentions and articulated a plan for how he intends to avoid future violations of Rule 11. Id. at 2–3. The court will not sanction the plaintiff under Rule 11. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 529 (7th Cir. 2020) (district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions"); Fed. R. Civ. P. 11(c)(1) ("the court may impose an appropriate sanction . . ."). But if the court discovers another Rule 11 violation related to the plaintiff's AI use, it will consider sanctions.

## III. Voluntary Dismissal

The plaintiff seeks to voluntarily dismiss this case. Dkt. No. 17 at 5. All the defendants except Super Steel, LLC have elected to seek dismissal of the amended complaint in lieu of an answer. Dkt. No. 7. Super Steel, LLC has not answered or otherwise responded, although the plaintiff has sought an extension of time to effect service. Dkt. No. 14. Counsel for defendants CNA Financial, Valley Forge Insurance Company, Nelson, Kazan and Horvath also has filed a letter (an unnecessary one) asking the court to grant the plaintiff's request for voluntary dismissal. Dkt. No. 18.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the

5

opposing party serves either an answer or a motion for summary judgment[.]" A plaintiff's right to voluntarily dismiss his case before the defendant answers or moves for summary judgment is "absolute." Marques v. Federal Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002). A plaintiff "doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily." Id. A notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case-terminating." United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020).

The court will construe the plaintiff's statement as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) because the defendants have not served "either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i). Edwards-Brown v. Crete-Monee 201-U School Dist., 491 F. App'x 744, 746 (7th Cir. 2012); see Marques, 286 F.3d at 1017. That means that he has a right to voluntary dismissal of the complaint, and does not need the court's permission.

## IV. Pending Motions

As the court explained above, all defendants except Super Steel have asked the court to dismiss the amended complaint. Dkt. No. 7. The plaintiff has filed a motion for extension of time to serve defendants under Rule 4(m). Dkt. No. 14. Because the plaintiff is voluntarily dismissing the case, the court will deny as moot both pending motions.

## V. Conclusion

The court **CONSTRUES** the plaintiff's response as a notice of voluntary dismissal. Dkt. No. 17.

The court **ORDERS** that the clerk's office must close the case and memorialize on the docket that the plaintiff has voluntarily dismissed the case without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).

6

The court **DENIES AS MOOT** the defendants' motion to dismiss. Dkt. No. 7.

The court **DENIES AS MOOT** the plaintiff's motion for extension to time to serve defendants. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 1st day of June, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**